IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-22643-KMM

RYNO van der Merwe, Individually,
and as legal guardian for wife,
ELIS CARNEIRO PEREIRA,

    Plaintiff,

v.

VANTER CRUISE GLOBAL, INC.

Defendant.

---

## PLAINTIFF'S MOTION FOR LEAVE TO
## CONDUCT LIMITED JURISDICTIONAL DISCOVERY

---

Plaintiff Ryno van der Merwe, individually and as legal guardian for his wife, Elis Carneiro Pereira ("Pereira"), respectfully moves the Court for an Order permitting him to conduct limited discovery pertinent to personal jurisdiction over Defendant Vanter Cruise Global ("VCG"). The grounds for the requested relief are set forth below.

### PROCEDURAL BACKGROUND

Plaintiff brought this action against VCG in Miami-Dade County Circuit Court to recover for the severe and permanent injuries Pareira (Plaintiff's wife and ward) sustained due to the negligence of VCG medical personnel aboard the cruise ship *Crystal Serenity*. (ECF 1-4 at ¶¶ 6-34). Pereira worked aboard the vessel, and VCG provided medical services for the vessel's passengers and crew. (ECF 1-4 at ¶¶ 11, 36).

VCG removed Plaintiff's state court lawsuit. In its Notice of Removal, VCG claims the Court has both diversity and federal question jurisdiction. (ECF 1). VCG thereafter filed an

omnibus motion to dismiss the action for lack of personal jurisdiction and failure to state a claim, and alternative motion to compel arbitration (Motion to Dismiss/Compel Arbitration). (ECF 8).

For his part, Plaintiff has moved to remand the case to the state court where it was originally filed. (ECF 12). Plaintiff's Motion to Remand disputes that the Court has either diversity jurisdiction or federal question jurisdiction in this matter. (ECF 12 at pgs. 4-11).

Plaintiff has also filed a Response opposing VCG's Motion to Dismiss/Compel Arbitration. (ECF 14). Among other things, Plaintiff's Response urges the Court to consider his Motion to Remand before addressing VCG's omnibus motion. (ECF 14 at pgs. 7-8). The Response also asks the Court to defer ruling on VCG's personal jurisdiction challenge until after limited discovery is conducted to ascertain additional facts supporting personal jurisdiction over VCG. (ECF 14 at pgs. 8-9). The instant motion requests that Plaintiff be permitted to undertake this jurisdictional discovery.

**BACKGROUND FACTS[1]**

**1.    VCG's Alleged Negligence And Pereira's Injuries.**

Pereira was employed as a bar server on the *Crystal Serenity*, a cruise ship owned and/or operated by Crystal Cruises Ltd. (ECF 1 at p. 2; ECF 1-4 at ¶ 6; ECF 1-5). Pursuant to contract with Crystal Cruises, VCG undertook to "operate and manage the vessel's medical clinic as well as provide medical staffing aboard the vessel to provide quality health services" to passengers and crew members. (ECF 1 at p. 3; ECF 1-4 at ¶¶ 11, 36).

The *Crystal Serenity* set sail from the Port of Miami on January 18, 2024. (ECF 1-4 at ¶ 13). On January 26, 2024, while the vessel was en route to Acajutla, a Pacific coast town in El

---

[1] The factual background offered here is largely taken from the corresponding section of Plaintiff's Motion to Remand. (ECF 12 at pgs. 2-4).

Salvador, Pereira presented to the medical center and reported suffering from a sudden onset of extreme headache, nausea, and vomiting. The shipboard medical records also show that her blood pressure at the time was 232/129. (ECF 1-4 at ¶¶ 15-16).

On January 27, 2024, the vessel arrived at Acajutla. While in port there, Pereira was examined by the ship's doctor who noted her complaints of "headache left side of head, nausea and vomiting" as well as a blood pressure reading of 224/131. (ECF 1-4 at ¶¶ 17-18). Based on Pereira's "hypertensive urgency," VCG medical personnel suspected Pereira was suffering from cardiac related issues. Cardiac diagnostic tests were performed, all of which came back negative. (ECF 1-4 at ¶¶ 19-20).

Despite the negative cardiology test results, the ship's doctor referred Pereira shoreside for a cardiology examination and a computerized tomography "CT" scan of her chest. (ECF 1-4 at ¶ 20). The Acajutla shoreside chest CT scan and cardiology exam also were negative. Yet Periera's symptoms persisted. She was discharged back to the *Crystal Serenity* with a noted onset of hypertension and the same complaints of "massive headache" and neck pains. (ECF 1-4 at ¶ 21).

Later that day, the *Crystal Serenity* departed on a twelve hour voyage from Acajutla to Chiappas, Mexico. The ship's medical records reflect Pereira's blood pressure was "150/784" during the voyage, and the ship's doctor this time suspected she had meningitis. (ECF 1-4 at ¶¶ 23-24).

The *Crystal Serenity* arrived at Port of Chiapas Mexico on the morning of January 28, 2024. (ECF 1-4 ¶ 25-; ECF 8 at p. 3). Pereira thereafter was transported by ambulance to a shoreside primary care medical facility, where she underwent a CT scan of her brain. (ECF 1-4 at ¶ 26). This scan revealed that Pereira "had suffered an acute bilateral subarachnoid and intraventricular cranial hemorrhage" (ECF 1-4 at ¶ 26).

Two days after that, on January 30, 2024, Pereira was flown by air ambulance from Chiapas to Miami Baptist Hospital's neurological intensive care unit. (ECF 1-4 at ¶ 27). Pereira remained hospitalized for a month and underwent multiple procedures and surgery(ies) to repair the extensive brain damage she suffered as a result of VCG's delay in providing the emergency medical care Pereira required. (ECF 1-4 at ¶ 27-29).

The Amended Complaint here was filed by Plaintiff, Pereira's husband. In an Order entered on June 7, 2024, the Miami-Dade County Circuit Court appointed Plaintiff as Pereira's plenary guardian of person and property because Pereira is "totally incapacitated." (ECF 1-4 at ¶ 27; Exhibit 1 at p. 1).

**2.      Plaintiff's Claims For Relief.**

The Amended Complaint seeks recovery for VCG's delay in diagnosing Pereira's true medical condition and in providing her with substandard medical care and treatment. (ECF 1-4 at ¶¶ 27-29, 33). Specifically, the Amended Complaint alleges that (i) Pereira was exhibiting onset symptoms of cerebral stroke for over two days yet the ship's doctors misdiagnosed her and failed to correlate her symptoms as stroke related; (ii) Pereira did not get necessary emergent medical treatment because of this delay; and (iii) Pereira's condition was exacerbated by the time wasted having her undergo incorrect and incomplete diagnostic studies and examinations by the wrong medical subspecialty doctors in inadequate medical facilities. (ECF 1-4 at ¶¶ 27-29, 33).

Plaintiff 's Amended Complaint sets forth three causes of action against VCG. Count I asserts a Negligence claim under United States maritime law for the substandard medical care and treatment Pereira received while aboard the *Crystal Serenity*. Count II asserts a claim under Florida law for Third Party Beneficiary Breach of Contract. And Count III asserts a claim under Florida law for Loss of Consortium. (ECF 1-4).

**3.     The Amended Complaint's Personal Jurisdiction Allegations, Plaintiff's Personal Jurisdiction Discovery Requests, And VCG's Failure To Respond.**

The Amended Complaint alleges jurisdiction over VCG pursuant to § 48.193, Fla. Stat. The jurisdictional allegations include the following: VCG entered into "medical provider service contracts with passenger cruise line companies and/or cruise line vessels operating from the State of Florida and in particular the Port of Miami-Dade County, Florida" (ECF 1-4 at ¶ 3a); VCG "[o]perated and managed medical centers aboard passenger cruise vessels operating in the State of Florida and in particular the Port of Miami-Dade County, Florida (ECF 1-4 at ¶ 3b); VCG "[p]rovided medical services aboard passenger cruise vessels operating in the State of Florida and in particular vessels based out of the Port of Miami-Dade County" (ECF 1-4 at ¶ 3c); VCG is a subsidiary of Vanter Cruise Health Services, Inc. ("VCHS") and headquartered in Virginia (ECF 1-4 at ¶ 9); the principals of VCG and VCHS are United States citizens residing in the United States (ECF 1-4 at ¶ 10); and VCG entered into a contract with the *Crystal Serenity* to "operate and manage the vessel's medical clinic as well as provide medical staffing aboard the vessel to provide quality health care services" to passengers and crew (ECF 1-4 at ¶¶ 11, 36).

VCG (Vanter Cruise Global) is but one of several companies owned and/or operated by Dr. Sol Edelstein that have "Vanter" in the company name. Plaintiff believes that some (if not all) of these Vanter entities contract with different cruise lines to provide medical clinics and medical personnel aboard cruise lines' vessels which operate from Florida and other United States ports. What is more, Dr. Edelstein was the owner and registered agent of Vanter Ventures Inc., which was a Florida registered corporation. (Exhibit 2). The Florida Division of Corporations "detail by officer/registered agent name" for this company lists a Miami Beach, Florida address for Dr. Edelstein. (Exhibit 2). Furthermore, the American College of Emergency Physicians lists VCHS, which also is owned by Dr. Edelstein, as the recruitment partner for Disney Cruise Lines and

Crystal Cruises, companies that are headquartered in Florida. (Exhibit 3). This "Vanter" entity has been and presently is a named defendant in Florida passenger and crew member medical malpractice lawsuits involving the Florida based cruise line it contracted with to provide cruise ship medical care under medical services agreements like the one between VCG and Crystal Cruises here. (Exhibit 6).

Plaintiff served personal jurisdiction discovery on VCG when the Amended Complaint was filed to sort out the interrelationship among the various Vanter entities and their contacts with Florida, and to obtain additional facts to support personal jurisdiction over VCG.[2] Specifically, on June 11, 2024, Plaintiff served VCG with "Plaintiff's Jurisdictional Requests for Admissions" (ECF 1-8 at pgs. 76-80), "Plaintiff's Jurisdictional Requests for Production" (ECF 1-8 at pgs. 82-86), and Plaintiff's "Jurisdictional Interrogatories" (ECF 1-8 at pgs. 87-93).[3] Plaintiff's requested discovery is directly relevant to VCG's affiliations with the other Vanter entities and VCG's contacts with Florida. (ECF 1-8 at pgs. 76-93).

To date, VCG has not responded to any of the requested jurisdictional discovery. VCG instead filed an omnibus motion which, among other things, seeks dismissal of the Amended Complaint for lack of jurisdiction. (ECF 8). In support of its position, VCG filed an untested and self-serving Declaration from Dr. Edelstein, VCG's President and CEO. (ECF 8-4).

VCG's "no jurisdiction" argument and the Edelstein Declaration attempt to contradict the Amended Complaint's jurisdictional allegations with misleading and unsupported assertions,

---

[2] The parties have stipulated that all references in the discovery to Vanter Cruise Health Services are to be read as referring to VCG, the Defendant here. The email exchange between counsel for Plaintiff and counsel for VCG confirming the stipulation is attached as Exhibit 4.

[3] Page citations for these discovery filings are taken from the CM/ECF header.

including that "VCG is a company that is … headquartered in the Commonwealth of the Bahamas" (ECF 8 at p. 4).[4] By way of discovery, Plaintiff intends to refute these bare allegations with narrowly tailored discovery requests that, among other things, will shed light on VCG's corporate façade, demonstrate that its true base of operations is in the United States, demonstrate that from there it purposefully entered into a Medical Service Agreement with Florida based Crystal Cruises, and that it has effectively consented to the jurisdiction of the Florida courts in medical malpractice claims brought by Crystal Cruises passengers by virtue of the "Jurisdiction, Venue, and Jury Trial Waiver" section in Crystal Cruises' Booking Terms and Conditions. (Exhibit 5 at ¶ 22 D).

## ARGUMENT

**I.    THE COURT SHOULD PERMIT LIMITED DISCOVERY ON PERSONAL JURISDICTION OVER DEFENDANT VCG.**

"Eleventh Circuit precedent indicates that ***jurisdictional discovery is highly favored*** before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." *Vorbe v. Morisseau*, 2014 WL 3928554, at *3 (S.D. Fla. Aug. 12, 2014);[5] *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact -- for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) -- may require some limited discovery before a meaningful ruling can be made"); *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984) ("Although the plaintiff bears the burden of proving the court's jurisdiction, the

---

[4] Citing to the Edelstein Declaration ¶ 2, VCG represents in its motion that not only is it a registered Bahamian corporation, it also is headquartered in the Bahamas. (ECF 8 at p. 4). The Edelstein Declaration says no such thing in the cited paragraph or anywhere else. The Edelstein Declaration is strangely silent as to the location of VCG's headquarters/principal place of business. (ECF 8-4).

[5] All emphasis has been supplied by counsel.

plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction.")

Decisions from this District are in accord. *See In re FTX Cryptocurrency Exch. Collapse Litig.*, 2023 WL 11796995, at *2 (S.D. Fla. Dec. 18, 2023) (Moore, J.) ("***While district courts ordinarily enjoy broad discretion over discovery, 'jurisdictional discovery is not entirely discretionary***' … A plaintiff enjoys a qualified right to jurisdictional discovery when it timely moved for [such] discovery and the information [sought] … would give rise to jurisdiction.")

In *Gilles-Jean v. Royal Caribbean Cruises, Ltd.*, 2023 WL 3043403 (S.D. Fla. Apr. 21, 2023), the Court recently allowed the plaintiff to take limited jurisdictional discovery, before ruling on the defense motion to dismiss, where the plaintiff, like Plaintiff here, sought jurisdictional discovery from the defendant before the dismissal motion was even filed. The Court reasoned:

> ***Plaintiffs in federal court have a qualified right to jurisdictional discovery.*** *See*, e.g., *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729–31 (11th Cir. 1982) ("federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits.") … Thus, " '***[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.'***" *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.C. Cir. 2003) (quoting *El–Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996)).
>
> … ***Plaintiff served jurisdictional discovery requests directed at Dolphin shortly after filing her Amended Complaint … Further, Plaintiff's Complaint and the allegations asserted therein make a sufficient showing to justify Plaintiff's entitlement to limited jurisdictional discovery*** …
>
> ***This conclusion finds ample support in the rulings of courts within the Eleventh Circuit.*** *See ACLU v. City of Sarasota*, 859 F. 3d 1337, 1341 (11th Cir. 2017) (internal citations omitted) ("[P]arties have a 'qualified right to jurisdictional discovery,' meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery"); *Chudsama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)—may require some limited discovery before a meaningful

ruling can be made."); *United Healthcare of Florida, Inc. v. American Renal Associates Holdings, Inc.*, No. 16-81180-CIV-MARRA, 2016 WL 8794534, *2 (S.D. Fla. Dec. 2, 2016) ("Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction.") (collecting cases) … *Gibson v. NCL Bahamas*, No. 11-24343-CIV, 2012 WL 1952670, *3 (S.D. Fla. May 30, 2012) …

*Gilles-Jean*, 2023 WL 3043403, at *1–2.

The *Giles-Jean* decision approvingly cited *Gibson v. NCL Bahamas*, 2012 WL 1952670 (S.D. Fla. May 30, 2012). In *Gibson*, the defendant, à la VCG, supported its motion to dismiss with "an affidavit from its legal representative attesting to its lack of contacts with Florida." *Id*., at *1. In permitting the plaintiff to conduct jurisdictional discovery prior to ruling on the dismissal motion, the Court aptly observed: ***"Without jurisdictional discovery, Plaintiff cannot refute the statements made in the affidavit submitted by [defendant's] legal representative concerning the corporation's lack of contacts with Florida."*** *Id*., at *2-3; accord, *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980)[6] (Former Fifth Circuit holds that "dismissal for lack of jurisdiction was error. ***Plaintiff is not required to rely exclusively upon a defendant's affidavit for resolution of the jurisdictional issue where that defendant has failed to answer plaintiff's interrogatories specifically directed to that issue***"); *Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So. 2d 1282, 1284 (Fla. 1992) (Florida Supreme Court finds federal law persuasive and upholds the order permitting jurisdictional discovery before ruling on dismissal motion where the plaintiff served jurisdictional request for production and jurisdictional interrogatories after the motion was filed: ***"[A] plaintiff should be able to conduct limited discovery on the jurisdictional question in order to gather facts and file an opposing affidavit***.")

---

[6] Decisions of the former Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

*See also Pearson v. Deutsche Bank AG,* 2022 WL 19296805, at *4. (S.D. Fla. Feb. 23, 2022) (permitting jurisdictional discovery where plaintiff requested leave to conduct such discovery should the court conclude that the complaint did not establish a personal jurisdiction *prima facie* case); *Nissim Corp. v. ClearPlay, Inc.*, 351 F. Supp. 2d 1343, 1350 (S.D. Fla. 2004) (quoting *Chudasama*, 123 F. 23d at 1367, and holding: "Even if the Court agreed that Nissim's evidence were insufficient to create a *prima facie* case, Nissim would be entitled to discovery on these jurisdictional facts so that a 'meaningful ruling' could be made on this Motion").

Here, Plaintiff disputes most of the supposed "facts" set forth in VCG's motion to dismiss and in the Edelstein Declaration. (ECF 8 at pgs. 3-5; ECF 8-4). These factual disputes include, but are not limited to, the following: whether VCG is a bona fide Bahamian corporation with employees physically present in that country, with actual office(s) in that country, and with active business operations in that country; whether VCG entered into medical service contracts with cruise lines operating out of Florida ports; whether VCG is actually headquartered in the Bahamas as opposed to Florida or another U.S. state; whether VCG is part of the "Vanter" group of companies, owned and/or controlled by Dr. Sol Edelstein, at least one of which (Vanter Cruise Health Services – "VCHS") provides medical services aboard cruise ships operated by Disney Cruise Line out of Florida ports; whether VCG's shoreside employees work out of the same offices/address as the shoreside employees of VCHS; whether VCG's and VCHS' officers and directors are the same; whether VCG's affiliation and financial and other connections with VCHS and the other Vanter entities doing business in Florida are sufficient to impute those entities' contacts with Florida to VCG.

Jurisdictional discovery would greatly help resolve these material factual disputes. What the Court said in *Exhibit Icons, LLC v. XP Companies, LLC*, 2008 WL 616104 (S.D. Fla. Mar. 3, 2008), applies with equal force here:

> With respect to specific jurisdiction, Plaintiffs seek to explore fully Defendants' communications into Florida and their contacts with third parties located in Florida … Jurisdictional discovery would certainly assist in that effort. ***Only through jurisdictional discovery can Plaintiffs learn about the various entities that comprise Defendants' businesses and those entities' contacts with Florida State University and the Jacksonville Jaguars … Plaintiffs request for jurisdictional discovery … will allow Plaintiffs to attempt to create a record upon which general jurisdiction may be found. Clearly, there is no way for Plaintiffs to have personal knowledge of the inner workings of Defendants' various organizations.*** Thus, without jurisdictional discovery, Plaintiffs will be unable to produce any evidence for the Court to consider on this point … However, ***by deposing and serving interrogatories and document requests on Defendants, Plaintiffs may be able to produce relevant information for the Court to consider***. Of course, this same analysis applies regarding potential evidence relating to specific jurisdiction.

*Id*., at \*2-3.

The jurisdictional discovery Plaintiff proposes is limited in scope. For starters, VCG should be required to provide complete responses to the jurisdictional discovery served on VCG when the Amended Complaint was filed in Miami-Dade County Circuit Court -- i.e., Plaintiff's jurisdictional requests for admission, jurisdictional request for production, and jurisdictional interrogatories. (ECF 1-8 at pgs. 76-93). And Plaintiff should be permitted to take the deposition of Dr. Edelstein, the author of the Declaration submitted with VCG's dismissal motion and a principal and/or the owner of VCG and sundry other Vanter entities

Plaintiff is confident that the jurisdictional discovery he seeks will yield support for the Court's exercise of both specific and general personal jurisdiction over VCG. Plaintiff believes the evidence will show, at the very least, contacts between VCG and Florida regarding operations, operational control, management, finances, etc. sufficient to establish that VCG's "affiliations with [Florida] are so continuous and systematic as to render [VCG] at home" in Florida under *Daimler*

*Ag v. Bauman*, 571 U.S. 117 (2014) and its progeny. *See Keane v. Hilton Rose Hall Resort & Spa*, 2022 WL 4271552, at *3 (S.D. Fla. Sept. 15, 2022; )*; see also Int'l Univ. of Health Scis. Ltd., Inc. v. Abeles*, 299 So. 3d 405, 408–09 (Fla. 4th DCA 2020) (holding that nonresident defendant corporation can be said to be 'at home' in Florida even though Florida was not its state of incorporation or principal place of business.).

Like the courts in the decisions cited above, this Court should permit Plaintiff to conduct limited jurisdictional discovery as to VCG to ascertain facts supporting Plaintiff's jurisdictional allegations, to discover additional jurisdictional facts, and to sort out the identity, operations, and relationships between the various Vanter entities owned and/or operated by Dr. Edelstein and their contacts with Florida.

## CONCLUSION

Based on the foregoing facts and authorities, Plaintiff Ryno van der Merwe, individually and as legal guardian for his wife, Elis Carneiro Pereira, respectfully requests that the Court grant him leave to conduct limited jurisdictional discovery as to Defendant Vanter Cruise Global as stated herein.

## CERTIFICATE OF GOOD FAITH COMPLIANCE

Pursuant to Local Rule 7.1(a)(3), we have conferred with counsel for Defendant in a good faith effort to resolve the issues raised in this motion before filing. Counsel for Defendant has advised that Defendant objects to this motion and the relief requested in it.

> Julio J. Ayala, Esquire
> CREWMEMBER & MARITIME
> ADVOCACY CENTER
> 1100 Catalonia Avenue
> Coral Gables, FL 33134
> crewesq@crewadvocacy.com
> julio@crewadvocacy.com
> (Tel)   305.374.9099

                                  Ralph O. Anderson, Esquire
                                  RALPH O. ANDERSON, P.A.
                                  517 S.W. 7th Avenue
                                  Fort Lauderdale, FL 33315
                                  roalaw@yahoo.com
                                  (Tel)   954.828.0760

By:      /s/ Ralph O. Anderson
            Ralph O. Anderson
            Fla. Bar No. 503207
            *Counsel for Plaintiff*

            /s/Julio J. Ayala
            Julio J. Ayala
            Fla. Bar No. 977070
            *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all counsel of record shown on the Service List below.

            /s/ Ralph O. Anderson
            Fla. Bar No. 503207
            *Counsel for Plaintiff*

## SERVICE LIST

T. Alexander Devine
Alexd@maltzmanpartners.com
Steve Holman, Esquire
steveh@maltzmanpartners.com
Jeffrey B. Maltzman, Esquire
jeffreym@maltzmanpartners.com
55 Miracle Mile, Suite 300
Coral Gables, FL 33134
(Tel)   305.779.5665
(fax)   305.779.5664