Exhibit 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

Case No.

NGA NGUYEN, as Personal
Representative of the Estate of
Nghi Nguyen,

Plaintiff,

vs.

MAGICAL CRUISE COMPANY,
LIMITED, d/b/a Disney Cruise Line, and
VANTER CRUISE HEALTH SERVICES,
INC.

Defendants.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NGA NGUYEN, as Personal Representative of the Estate of Nghi Nguyen, hereby sues Defendants MAGICAL CRUISE COMPANY, LIMITED, d/b/a Disney Cruise Line, (hereinafter "DISNEY") and VANTER CRUISE HEALTH SERVICES, INC. (hereinafter "VANTER") and alleges as follows:

## THE PARTIES

1.     At all times material, the Plaintiff, NGA NGUYEN ("Ms. Nguyen"), was the daughter of Nghi Nguyen.

2.     The Plaintiff, Ms. Nguyen is *sui juris* and a citizen and resident of the State of Pennsylvania and has been appointed as the Personal Representative and executor of the Estate of Nghi Nguyen ("Mr. Nguyen"), her deceased father.

3.     This action is brought on behalf of the Estate of Nghi Nguyen, as well as

individual claims on behalf of the survivor, his wife Nem Nguyen.

4.      Defendant, DISNEY, is a foreign corporation, with its principal place of business in London, England, and with its headquarters and principal place of business in Celebration, Florida.

5.      At all times material, DISNEY owned, operated, managed, maintained and/or controlled the cruise ship, DISNEY *Dream*.

6.      Defendant, VANTER, is a foreign corporation incorporated in the Bahamas and has its headquarters and principal place of business in Alexandria, Virginia.

## JURISDICTION AND VENUE

7.      At all times material, DISNEY, in the county and district in which this Complaint is filed:

   a.   Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b.   Had an office or agency in this state and/or county; and/or

   c.   Engaged in substantial activity within this state; and/or

   d.   Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

8.      At all times material, VANTER, in the county and district in which this Complaint is filed:

   a.   Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b.   Had an office or agency in this state and/or county; and/or

   c.   Engaged in substantial activity within this state; and/or

   d.   Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9.      The Court has jurisdiction over this matter because the causes of action asserted

herein arise under 28 U.S.C. § 1333 and the General Maritime Laws of the United States.

10.      This is an action for damages which exceeds the sum specified in 28. U.S.C.

1332, exclusive of interest and costs.

11.      This Court has subject matter jurisdiction, as there is complete diversity of

citizenship pursuant to 28 U.S.C. 1332, as this action is between citizens of a State, and/or

citizens or subjects of a foreign state.

12.      Venue is proper in this Court because principal places of business for the

Defendants are within this county and a substantial part of the events or omissions giving rise

to the causes of action set forth herein occurred within the county. The cruise line ticket at

issue also requires that suit be brought in this Court.

13.      All conditions precedent and necessary for the filing and maintenance of this

action have been fulfilled, waived, or do not apply.

## FACTUAL BACKGROUND

14.      DISNEY, as a common carrier, is engaged in the business of providing

vacation cruises to the public aboard vessels including the DISNEY *Dream.* At all times

material hereto, DISNEY owned, operated, managed, maintained, and/or controlled the

DISNEY *Dream*, including the medical department on the vessel.

15.      DISNEY, through online, television, radio and print advertisements

specifically markets its cruises as the world's largest upper premium cruise line providing the

highest quality cruise product for mature and discerning travelers.

16.      As part of providing vacation cruises, DISNEY is obligated to provide

competent medical care and facilities, as well as personnel capable of making sound medical

and evacuation decisions.

17.     As part of providing vacation cruises, DISNEY advertised that the ship's onboard medical center was staffed by licensed physicians and nurses and that it is well equipped medical emergencies.

18.     DISNEY charges money to passengers for medical services provided.  As such, DISNEY is in the business of providing medical services to passengers for profit, and owes a duty to provide competent and non-negligent medical care and services.

19.     DISNEY owned, operated, controlled and/or maintained the medical center aboard the DISNEY *Dream*.  DISNEY'S onboard medical center and shoreside medical operations division work as a team in the event of medical evacuation emergency.  DISNEY is aware that medical emergencies may arise on its vessels and is aware of the essential need to promptly evacuate passengers suffering from serious medical emergencies.

20.     At all times material, VANTER provided health care services for the cruise line industry, including DISNEY.

21.     At all times material, VANTER provided medical management and oversight for onboard medical care and served as resource for onboard medical staff and actively provided administrative support based on a team approach with shipboard management, onboard medical staff and the cruise line's shoreside operations division.

22.     At all times material, DISNEY entered into a contractual agreement with VANTER to recruit, vet, oversee, collaborate and work directly with DISNEY for the provision of onboard medical services to passengers, including Mr. Nguyen.

23.     DISNEY had the ability to control and monitor each and every step taken by its medical staff onboard via telephone, video conference, skype or otherwise.

24.     DISNEY's officials and employees had the ability to monitor and participate in safety, security, and medical emergencies onboard the vessel by communicating with the *Dream's* crew via telephone, videoconference, Skype and other means of communication. DISNEY, through both the crew onboard and their shoreside officials and employees, who acted in consultation with one another, failed to properly care and promptly and properly evacuate Mr. Nguyen.

25.     Upon information and belief, the Master of the DISNEY *Dream* was is an employee or agent of DISNEY and had the ability to divert or control the vessel or make the appropriate decision to afford one of its passengers the medical care and treatment he desperately needed. He and his bridge team are also responsible with determining the logistics for medical evacuation or disembarkation, properly coordinating with the United States Coast Guard to evacuate sick and injured individuals and ensuring that DISNEY passengers are afforded the logistical support needed during a medical emergency. This responsibility is carried out in conjunction with DISNEY's shore-based fleet operations and shore-based individuals from DISNEY that coordinate voyage logistics.

26.     At all times DISNEY was vicariously liable for the negligence of the medical staff and doctors onboard the *Dream*, who were employees, apparent agents or actual agents of DISNEY.

27.     At all times DISNEY was vicariously liable for the negligence of the non-medical personnel onboard the *Dream*, who were employees, apparent agents or actual agents of DISNEY.

28.     At all times DISNEY had control or the right to control all persons working in its medical departments, including the doctors and personnel that improperly treated and

negligently mismanaged Mr. Nguyen's condition.

29.     Mr. Nguyen and his family relied upon DISNEY's representations regarding its available shipboard medical facility with its qualified and competent physicians in his decision to purchase the cruise and contract with DISNEY.

30.     On April 10, 2023, Mr. Nguyen boarded the DISNEY *Dream* from Miami, Florida, for a cruise to Castaway Cay, followed by Nassau, Bahamas, Castaway Cay again and back to Miami.  Mr. Nguyen was a paying passenger.

31.     On the evening of April 14, 2023, at approximately 10:00 p.m., Mr. Nguyen began to experience signs and symptoms of a stroke, including difficulty with speech and right-sided paralysis.

32.      Mr. Nguyen was taken to the *Dream's* medical center and he arrived there at approximately 10:30 p.m. to receive care and treatment from the ship's physician for his stroke symptoms, i.e. aphasia, right brachial plegia and femoral plegia and elevated blood pressure.  He was examined in the *Dream's* medical center by Hugo Crisnejo, M.D.

33.     The physical examination performed on Mr. Nguyen by Dr. Crisnejo upon his arrival to the *Dream's* medical center revealed that he was in acute distress, he had difficulty with speech and he had paralysis on the right side of body.  Furthermore, his NIH stroke scale score, which measures the severity of a stroke, was a 26 and represented a severe stroke.

34.     The first heart rate value obtained from Mr. Nguyen in the *Dream's* medical center at 10:30 p.m. was significantly elevated at 210/110.

35.     An ECG performed on Mr. Nguyen at approximately 10:30 p.m. returned abnormal results and revealed that he had atrial fibrillation.

36.     The diagnosis assigned to Mr. Nguyen by the *Dream's* medical center physician

and staff was that of a cerebrovascular accident, i.e. stroke.

37.     Despite Mr. Nguyen's obvious symptoms of a stroke of recent onset, no telemedicine or telephone consultation with a shoreside neurologist or specialist was requested or obtained by the *Dream's* medical center physicians or medical staff.

38.     Despite Mr. Nguyen's clear symptoms of a stroke of recent onset, no request for a medical evacuation from the ship was made or inquired about by the *Dream's* physicians or medical staff or by its non-medical staff, including its ship captain.

39.     Despite Mr. Nguyen's clear symptoms of a stroke of recent onset, the *Dream's* physicians and medical staff did not speak with the ship's captain about speeding up the ship toward land.

40.     Mr. Nguyen's condition continued to deteriorate while on the vessel and despite his continued deterioration and progressing stroke, he was kept on the vessel and not disembarked until approximately 7:00 a.m. on April 15, 2023, more than 8 hours after his symptoms began.

41.     Despite Mr. Nguyen's life-threatening condition, there was a failure to timely and properly act and failure to timely and properly disembark him from the *Dream* so that he could receive proper treatment.

42.     The aforementioned acts of negligence and unreasonable delay and failure in disembarking Mr. Nguyen to a higher level of care and the negligent and unreasonable delays in administering proper treatment caused Mr. Nguyen to suffer greatly and directly and proximately led to his death.

43.     The physicians and medical staff aboard DISNEY's *Dream* were aware of the time-sensitive nature of Mr. Nguyen's stroke symptoms and that such a condition calls for

urgent treatment at a capable facility.

44.     In light of the symptoms and manifestations exhibited by Mr. Nguyen, any reasonably prudent healthcare provider would have known that a medical air-evacuation or other expeditious disembarkation to a comprehensive treatment center was medically necessary.

45.     An air-evacuation was both medically necessary and operationally feasible to transport Mr. Nguyen to a higher level of care.

46.     Despite Mr. Nguyen's dire condition which required urgent disembarkation to a higher level of care and knowing that an air evacuation with a helicopter, rendezvous with a rescue vessel, or expeditious diversion of the vessel to a point of debarkation was operationally feasible, there was a failure to analyze or inquire as to possible disembarkation options to assist Mr. Nguyen.  Instead, the decision was made to keep him on the vessel for an excessive and medically unacceptable period of time.  He was left without the proper care and treatment that he needed as a result.

47.     The DISNEY *Dream* medical staff and personnel made the decision to continue on its scheduled itinerary without making any effort or arrangements to medically evacuate Mr. Nguyen or get him to a higher level of care capable of treating him for his condition prior to arrival at the pre-planned port of call.

48.     The DISNEY *Dream* medical staff and personnel failed to analyze or inquire as to possible disembarkation options to assist Mr. Nguyen and instead made the decision to keep him on the vessel for an excessive and medically unacceptable period of time.  He was left without the proper care and treatment that he needed as a result.

49.     The failure to properly evaluate and treat Mr. Nguyen and disembark him to a

proper level of care and the corresponding delays prevented him from being emergently evacuated from the *Dream* and evaluated by specialists who are trained to treat such patients.

50.     As a direct and proximate result, Mr. Nguyen suffered a stroke and he subsequently died.

## COUNT I
## NEGLIGENCE AGAINST DISNEY

51.     Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty (50) of this Complaint as though fully set forth herein.

52.     In light of DISNEY's experience and familiarity with the demographics of the passengers on its cruises, the onboard and offshore recreational activities taking place on its cruises, the foreign destinations visited on its cruises and the illnesses and emergencies experienced by past cruise passengers, it was reasonably foreseeable to DISNEY that the *Dream* would have passengers similar in age to Mr. Nguyen, and passengers with common illnesses and emergencies such as his condition. Likewise, it was reasonably foreseeable that such passengers would require proper examination, evaluation, treatment, and evacuation.

53.     DISNEY owed the duty to provide prompt and appropriate medical care as regards the symptoms with which Mr. Nguyen presented with to the *Dream* medical center and of exercising reasonable care under the circumstances. In particular, as Mr. Nguyen exhibited signs and symptoms of stroke, including difficulty with speech and right-sided paralysis, onboard the *Dream* and he was taken to the ship's medical center, DISNEY owed Mr. Nguyen the duty of protecting him from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

54.     DISNEY breached its duty of protecting Mr. Nguyen from injury relating to

9

his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances and breached its duty in one or more of the following ways:

a.  DISNEY failed to properly treat Mr. Nguyen;

b.  DISNEY failed to timely treat Mr. Nguyen;

c.  DISNEY failed to properly diagnose Mr. Nguyen and/or negligently misdiagnosed him;

d.  DISNEY failed to timely diagnose Mr. Nguyen;

e.  DISNEY failed to properly assess Mr. Nguyen's condition;

f.  DISNEY failed to perform and/or arrange for appropriate diagnostic testing given Mr. Nguyen's condition;

g.  DISNEY failed to obtain consultations with appropriate specialists;

h.  DISNEY failed to properly monitor Mr. Nguyen;

i.  DISNEY failed to air-evacuate Mr. Nguyen from the ship so that he could promptly receive treatment;

j.  DISNEY failed to timely divert the ship so that Mr. Nguyen could promptly receive treatment;

k.  DISNEY failed to contact the United States Coast Guard regarding the need for an air evacuation;

l.  DISNEY failed to properly or timely consult qualified shore-based personnel regarding Mr. Nguyen's condition;

m.  DISNEY failed to obtain a proper medical opinion regarding Mr. Nguyen's condition;

n.  DISNEY failed to timely and properly utilize "Telemedicine" and other resources on the vessel to properly assess Mr. Nguyen's condition;

o.  DISNEY failed to develop and institute adequate procedures and policies to address Mr. Nguyen's medical situation;

p.  DISNEY failed to appreciate the severity of Mr. Nguyen's worsening

condition;

q.   DISNEY failed to perform any procedure to Mr. Nguyen's medical benefit;

r.   DISNEY failed to properly ascertain sufficient information to determine where Mr. Nguyen should be transferred;

s.   DISNEY deviated from the standard of care for treating patients in Mr. Nguyen's condition.

55.   DISNEY knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that caused Mr. Nguyen's death. These conditions and failures were longstanding and obvious to DISNEY.  DISNEY is aware that passengers may suffer from life threatening conditions such as a stroke and is aware of the urgent need to evacuate such patients to competent medical centers capable of providing treatment.

56.   As a direct and proximate result of DISNEY breaching its duty to Mr. Nguyen, he suffered greatly and died.  If Mr. Nguyen had received appropriate care and treatment onboard or been timely evacuated from the ship, he would not have suffered such devastating injuries causing his death.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against DISNEY for all damages recoverable under the law, including interest, court costs and all other relief deemed just and proper.

## COUNT II
## NEGLIGENCE AGAINST VANTER FOR THE ACTS OF ITS MEDICAL PERSONNEL BASED ON VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

57.   Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty (50) of this Complaint as though fully set forth herein.

58.     At all times material, VANTER owned, operated, controlled, and/or maintained the medical center aboard the DISNEY *Dream* and was responsible for overseeing the operations of the shipboard medical center including the selecting, purchasing, and maintaining of the medical equipment and medications contained therein: recruitment, credentialing and staffing of shipboard medical centers with physicians and nurses; evaluations, training and coaching of shipboard physicians; and acting as a resource to the shipboard medical personnel and providing guidance and instruction in the event of a medical emergency in said medical center.

59.     At all times material, the medical personnel was comprised of the ship's doctor(s) and nurses aboard the DISNEY *Dream* for the subject voyage.

60.     At all times material, the ship's medical personnel was employed by VANTER which was therefore vicariously liable for the negligent treatment of Mr. Nguyen under the legal principles of respondeat superior and the principles set forth in *Franza v. Royal Caribbean Cruise, Ltd.,* 772 F.3d 1225 (11th Cir. 2014).

61.     At all times material, the medical personnel on the vessel was in the regular, full-time employment of the ship, as a salaried member of the crew, were identified officers of the vessel, subject to the ship's discipline and the Master's orders and also under the control of VANTER's shoreside medical department, medical director and medical officer through modern means of communication.

62.     At all times material, VANTER acknowledge that its medical personnel would act on its behalf and the medical personnel accepted that undertaking.

63.     At all times material, VANTER controlled and/or maintained the right of control over its personnel and other medical personnel working in the medical center in the

12

exercise of their job duties, including the treatment of patients. VANTER exercised such

control and/right of control in many different ways, including but not limited to the

following:

A. Setting standard, criteria and procedures for selecting and hiring said personnel;

B. Credentialing, evaluating, training and coaching shipboard medical personnel;

C. Providing guidance and instruction to shipboard medical personnel in the event of a medical emergency;

D. Establishing, adopting and enforcing rules and protocols for the treatment of patients in the medical center;

E. Maintaining and/or exercising the right to hire and fire said medical personnel;

F. Establishing the amount, method and manner of payment for said personnel;

G. Establishing and enforcing the terms of employment for such personnel, including their hours, job duties and details of their work;

H. Setting the standards and criteria to determine which patients were to be treated by said personnel;

I. Supplying the tools, workplace and equipment for said personnel to perform their job duties;

J. Requiring said personnel to take specific courses and training;

K. In other manners that are expected to be determining in continuing discovery and investigation.

64.    VANTER, through its medical personnel, owed Mr. Nguyen the duty of

exercising reasonable care under the circumstances. In particular, as Mr. Nguyen suffered a

stroke on board the *Dream* and was taken to the ship's medical center, VANTER owed Mr.

Nguyen the duty of protecting him from injury relating to his emergent condition, and of

13

exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

65.     VANTER, through its medical personnel, breached its duty of protecting Mr. Nguyen from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. VANTER, through its medical personnel, breached its duty in one or more of the following ways:

    a.   VANTER failed to properly treat Mr. Nguyen;

    b.   VANTER failed to timely treat Mr. Nguyen;

    c.   VANTER failed to properly diagnose Mr. Nguyen and/or negligently misdiagnosed him;

    d.   VANTER failed to timely diagnose Mr. Nguyen;

    e.   VANTER failed to properly assess Mr. Nguyen's condition;

    f.   VANTER failed to perform and/or arrange for appropriate diagnostic testing given Mr. Nguyen's condition;

    g.   VANTER failed to obtain consultations with appropriate specialists;

    h.   VANTER failed to properly monitor Mr. Nguyen;

    i.   VANTER failed to air-evacuate Mr. Nguyen from the ship so that he could promptly receive treatment;

    j.   VANTER failed to timely divert the ship so that Mr. Nguyen could promptly receive treatment;

    k.   VANTER failed to contact the United States Coast Guard regarding the need for an air evacuation;

    l.   VANTER failed to properly or timely consult qualified shore-based personnel regarding Mr. Nguyen's condition;

    m.   VANTER failed to obtain a proper medical opinion regarding Mr. Nguyen's condition;

n.  VANTER failed to timely and properly utilize "Telemedicine" and other resources on the vessel to properly assess Mr. Nguyen's condition;

o.  VANTER failed to develop and institute adequate procedures and policies to address Mr. Nguyen's medical situation;

p.  VANTER failed to appreciate the severity of Mr. Nguyen's worsening condition;

q.  VANTER failed to perform any procedure to Mr. Nguyen's medical benefit;

r.  VANTER failed to properly ascertain sufficient information to determine where Mr. Nguyen should be transferred;

s.  VANTER deviated from the standard of care for treating patients in Mr. Nguyen's condition.

66.    VANTER, through its medical personnel, knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that injured Plaintiff.  These conditions and failures were longstanding and obvious to VANTER.

67.    As a direct and proximate result of VANTER breaching its duty to Mr. Nguyen, he suffered greatly and died.  If Mr. Nguyen had received appropriate care and treatment onboard or been timely evacuated from the ship, he would not have suffered and died.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against VANTER for all damages recoverable under law, including interest, court costs and all other relief deemed just and proper.

### COUNT III
### NEGLIGENCE OF DISNEY FOR VANTER AND ITS MEDICAL PERSONNEL
**(Vicarious Liability Based Upon Actual Agency / *Respondeat Superior*)**

68.    Plaintiff re-alleges and incorporates by reference paragraphs one (1) through

fifty (50) of this Complaint as though fully set forth herein.

69.    DISNEY's medical personnel, including the doctors and nurses on board the *Dream* and VANTER's doctors and staff, were the employees, agents, servants and/or persons otherwise authorized to act on behalf of DISNEY.  Thus, DISNEY is vicariously liable for the acts and/or omissions of its medical personnel.

70.    DISNEY entered into a contractual agreement with VANTER to recruit, vet, oversee, collaborate and work directly with DISNEY for the provision of onboard medical services to passengers, including Mr. Nguyen.

71.    DISNEY acknowledged that its medical personnel, including VANTER's doctors and nurses onboard the *Dream*, would act for it, and the medical personnel manifested an acceptance of the undertaking. For example: (1) DISNEY directly paid the medical personnel for their work in the medical center onboard the *Dream*; (2) the medical center on board the *Dream* was created, owned and operated by DISNEY; (3) the medical personnel on board the *Dream* worked at what DISNEY describes in its advertising as DISNEY's medical center; (4) DISNEY knowingly provided, and the medical personnel on board the *Dream* knowingly wore uniforms bearing DISNEY's name and logo; and (5) the ship physician on the *Dream* is considered and titled an officer of DISNEY's cruise line.

72.    DISNEY's medical personnel, including the doctors and nurses on board the *Dream* and VANTER's doctors and staff, were subject to the right of control by DISNEY, and were acting within the scope of their employment or agency. For example: (1) the medical personnel were employed by DISNEY; (2) the medical personnel were hired to work in a medical center on board the *Dream* that was created, owned and operated by DISNEY; (3) the medical personnel were paid salaries and/or other employment related benefits directly

16

by DISNEY; (4) the medical personnel on board the *Dream* were considered to be members of the ship's crew; (5) the medical personnel were required to wear uniforms or other insignia furnished by DISNEY; (6) DISNEY put the medical personnel on board the *Dream* under the command of the ship's superior officers, and they were subject to the ship's discipline and the master's orders; (7) DISNEY had the right to fire its medical personnel; (8) DISNEY directly billed the Plaintiff and other passengers onboard the *Dream* for services rendered by its medical personnel and/or use of the onboard medical center, medical equipment and medical supplies; and (9) the medical personnel on board the *Dream* were subject to the control of DISNEY's shore-side medical department.

73. DISNEY, through its medical personnel, including VANTER's doctors and staff, owed Mr. Nguyen the duty of exercising reasonable care under the circumstances. In particular, as Mr. Nguyen suffered a stroke on board the *Dream* and was taken to the ship's medical center, DISNEY owed Mr. Nguyen the duty of protecting him from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

74. DISNEY, through its medical personnel, including VANTER's doctors and staff, breached its duty of protecting Mr. Nguyen from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. DISNEY, through its medical personnel, breached its duty in one or more of the following ways:

    a.  DISNEY failed to properly treat Mr. Nguyen;

    b.  DISNEY failed to timely treat Mr. Nguyen;

    c.  DISNEY failed to properly diagnose Mr. Nguyen and/or negligently misdiagnosed him;

17

d.  DISNEY failed to timely diagnose Mr. Nguyen;

e.  DISNEY failed to properly assess Mr. Nguyen's condition;

f.  DISNEY failed to perform and/or arrange for appropriate diagnostic testing given Mr. Nguyen's condition;

g.  DISNEY failed to obtain consultations with appropriate specialists;

h.  DISNEY failed to properly monitor Mr. Nguyen;

i.  DISNEY failed to air-evacuate Mr. Nguyen from the ship so that he could promptly receive treatment;

j.  DISNEY failed to timely divert the ship so that Mr. Nguyen could promptly receive treatment;

k.  DISNEY failed to contact the United States Coast Guard regarding the need for an air evacuation;

l.  DISNEY failed to properly or timely consult qualified shore-based personnel regarding Mr. Nguyen's condition;

m.  DISNEY failed to obtain a proper medical opinion regarding Mr. Nguyen's condition;

n.  DISNEY failed to timely and properly utilize "Telemedicine" and other resources on the vessel to properly assess Mr. Nguyen's condition;

o.  DISNEY failed to develop and institute adequate procedures and policies to address Mr. Nguyen's medical situation;

p.  DISNEY failed to appreciate the severity of Mr. Nguyen's worsening condition;

q.  DISNEY failed to perform any procedure to Mr. Nguyen's medical benefit;

r.  DISNEY failed to properly ascertain sufficient information to determine where Mr. Nguyen should be transferred;

s.  DISNEY deviated from the standard of care for treating patients in Mr. Nguyen's condition.

75.  DISNEY, through its medical personnel, and VANTER's doctors and staff,

knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that injured Plaintiff. These conditions and failures were longstanding and obvious to DISNEY.

76.    As a direct and proximate result of DISNEY breaching its duty to Mr. Nguyen, he suffered greatly and died. If Mr. Nguyen had received appropriate care and treatment onboard or been timely evacuated from the ship, he would not have suffered and died.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against DISNEY for all damages recoverable under law, including interest, court costs and all other relief deemed just and proper.

## COUNT IV
## NEGLIGENCE OF DISNEY THROUGH ITS MEDICAL PERSONNEL
### (Vicarious Liability Based Upon Apparent Agency)

77.    Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty (50) of this Complaint as though fully set forth herein.

78.    DISNEY's medical personnel, including the doctors and nurses on board the *Dream*, were the apparent employees, agents, servants and/or persons otherwise authorized to act on behalf of DISNEY. Thus, DISNEY is vicariously liable for the acts and/or omissions of its medical personnel.

79.    DISNEY made representations to the Plaintiff and other passengers onboard the *Dream* that the ship's medical personnel were the employees, agents, servants and/or persons otherwise authorized to act for DISNEY's benefit. For example: (1) DISNEY promoted the medical personnel on board the *Dream* and represented them as being DISNEY employees through brochures, internet advertising and/or signs, documents, and uniforms on the ship; (2) DISNEY promoted the medical center on board the *Dream* and

described it in proprietary language; (3) the medical personnel on board the *Dream* worked in the medical center that DISNEY promoted and described in proprietary language; (4) DISNEY directly bills the Plaintiff and other passengers onboard the *Dream* for services rendered by the onboard medical personnel and/or use of the onboard medical center, medical equipment and medical supplies; (5) the medical personnel on board the *Dream* were required to wear uniforms or other insignia furnished by DISNEY; (6) DISNEY held out the medical personnel on board the *Dream* as members of the ship's crew; and (7) the medical personnel on board the *Dream* spoke and acted as though they were employed by DISNEY. DISNEY had knowledge of such representations but never took any action to indicate otherwise.

80. DISNEY's representations to the Plaintiff and other passengers onboard the *Dream* caused them to reasonably believe that the ship's medical personnel were the employees, agents, servants and/or persons otherwise authorized to act for DISNEY's benefit. Indeed, DISNEY actually intended that the Plaintiff and other passengers onboard the *Dream* have such perception or belief because it is a marketing tool to induce passengers such as the Plaintiff to purchase cruises on DISNEY ships in the first place, to feel secure while on board DISNEY s' ships and/or to be a repeat customer.

81. DISNEY s' representations to the Plaintiff and other passengers onboard the *Dream* induced their detrimental, justifiable reliance upon the appearance of agency. For example, Mr. Nguyen justifiably relied upon DISNEY s' representations in deciding to purchase a cruise on the *Dream* and seek care in its medical center.

82. DISNEY, through its medical personnel, owed Mr. Nguyen the duty of exercising reasonable care under the circumstances. In particular, as Mr. Nguyen suffered a

stroke onboard the *Dream* and was taken to the ship's medical center, DISNEY owed Mr.
Nguyen the duty of protecting him from injury relating to his emergent condition, and of
exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons
would render under similar circumstances.

83.    DISNEY, through its medical personnel, breached its duty of protecting
Plaintiff from injury relating to his emergent condition, and of exercising reasonable care to
furnish such aid and assistance as ordinarily prudent persons would render under similar
circumstances. DISNEY, through its medical personnel, breached its duty in one or more of
the following ways:

    a.    DISNEY failed to properly treat Mr. Nguyen;

    b.    DISNEY failed to timely treat Mr. Nguyen;

    c.    DISNEY failed to properly diagnose Mr. Nguyen and/or negligently
misdiagnosed him;

    d.    DISNEY failed to timely diagnose Mr. Nguyen;

    e.    DISNEY failed to properly assess Mr. Nguyen's condition;

    f.    DISNEY failed to perform and/or arrange for appropriate diagnostic
testing given Mr. Nguyen's condition;

    g.    DISNEY failed to obtain consultations with appropriate specialists;

    h.    DISNEY failed to properly monitor Mr. Nguyen;

    i.    DISNEY failed to air-evacuate Mr. Nguyen from the ship so that he could
promptly receive treatment;

    j.    DISNEY failed to timely divert the ship so that Mr. Nguyen could
promptly receive treatment;

    k.    DISNEY failed to contact the United States Coast Guard regarding the
need for an air evacuation;

    l.    DISNEY failed to properly or timely consult qualified shore-based

personnel regarding Mr. Nguyen 's condition;

m.    DISNEY failed to obtain a proper medical opinion regarding Mr. Nguyen's condition;

n.    DISNEY failed to timely and properly utilize "Telemedicine" and other resources on the vessel to properly assess Mr. Nguyen's condition;

o.    DISNEY failed to develop and institute adequate procedures and policies to address Mr. Nguyen's medical situation;

p.    DISNEY failed to appreciate the severity of Mr. Nguyen's worsening condition;

q.    DISNEY failed to perform any procedure to Mr. Nguyen's medical benefit;

r.    DISNEY failed to properly ascertain sufficient information to determine where Mr. Nguyen should be transferred;

s.    DISNEY deviated from the standard of care for treating patients in Mr. Nguyen's condition.

84.    DISNEY, through its medical personnel, knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that injured Plaintiff. These conditions and failures were longstanding and obvious to DISNEY.

85.    As a direct and proximate result of DISNEY breaching its duty to Mr. Nguyen, suffered greatly and died.  If Mr. Nguyen had received appropriate care and treatment onboard or been timely evacuated from the ship, he would not have suffered such devastating injuries and died.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against DISNEY for all damages recoverable under law, including interest, court costs and all other relief deemed just and proper.

## COUNT V
## NEGLIGENCE OF DISNEY THROUGH ITS NON-MEDICAL PERSONNEL
### (Vicarious Liability Based Upon Actual Agency / *Respondeat Superior*)

86.     Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty (50) of this Complaint as though fully set forth herein, except such paragraphs that may conflict with or are at odds with any paragraphs within this Count of Plaintiff's Complaint.

87.     In light of DISNEY's experience and familiarity with the demographics of the passengers on its cruises, the onboard and offshore recreational activities taking place on its cruises, the foreign destinations visited on its cruises, and the illnesses and emergencies experienced by past cruise passengers, it was reasonably foreseeable to DISNEY that the *Dream* would have passengers similar in age to Mr. Nguyen, and passengers with common illnesses and emergencies such as his condition. Likewise, it was reasonably foreseeable that such passengers would require proper medical logistical support and medical evacuation.

88.     DISNEY, through its non-medical personnel, including its officers, directors, employees, agents, servants and/or persons otherwise authorized to act on behalf of DISNEY, both on board the *Dream* and located at DISNEY's shore-side offices, owed the duty of exercising reasonable care under the circumstances. In particular, as Mr. Nguyen suffered a stroke onboard the *Dream* and was taken to the ship's medical center, DISNEY owed the duty of protecting him from injury relating to his emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

89.     DISNEY, through the negligence of its non-medical personnel, breached its duty to exercise reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. DISNEY breached its duty in one or

more of the following ways:

        a.    DISNEY failed to timely and properly communicate the condition of Mr. Nguyen to its shore side personnel;

        b.    DISNEY failed to follow proper policies and procedures to ascertain the operational feasibility of a medical evacuation for Mr. Nguyen;

        c.    DISNEY failed to air-evacuate Mr. Nguyen from the ship so that he could promptly receive treatment;

        d.    DISNEY failed to timely divert the ship so that Mr. Nguyen could promptly receive treatment;

        e.    DISNEY failed to evacuate Mr. Nguyen by speed boat, tender boat, or transfer;

        f.    DISNEY failed to contact the United States Coast Guard regarding the need for an air evacuation;

        g.    DISNEY refused to alter its itinerary to transport Mr. Nguyen, electing to avoid operational disruption over the needs of its critically ill guest.

90.    DISNEY, through its non-medical personnel, knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that caused the death of Mr. Nguyen. These conditions and failures were longstanding and obvious to DISNEY.

91.    As a direct and proximate result of DISNEY breaching its duty to Mr. Nguyen, he suffered greatly and died. If Mr. Nguyen had received appropriate care and treatment onboard or been timely evacuated from the ship, he would not have suffered such devastating injuries and died.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against DISNEY for all damages recoverable under the law, including interest, court costs and all other relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims set forth herein.

Dated this 14th day of May, 2024.

Respectfully submitted,

By: _/s/ Carlos Fabano_
Carlos A. Fabano (FBN 0013107)
**LEESFIELD & PARTNERS, P.A.**
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile: 305-854-8266
fabano@leesfield.com
abreu@leesfield.com

Divider Page

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

IVAN GOMENIUK,

     Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line, and VANTER
CRUISE HEALTH SERVICES, INC.,

     Defendants.

_____/

## **SEAMAN'S COMPLAINT**

Plaintiff sues Defendants and alleges:

1.  Plaintiff, IVAN GOMENIUK, is a resident of Moldova (with the intent to remain there) and a seaman within the meaning of 28 U.S.C. § 1916 and who is permitted to file this suit without paying the filing fee or costs.

2.  Defendant, MAGICAL CRUISE COMPANY, LIMITED. d/b/a Disney Cruise Line ("DISNEY"), is a foreign corporation incorporated in London, England which has its worldwide headquarters and principal place of business in Celebration, Florida.

3.  Defendant, VANTER CRUISE HEALTH SERVICES, INC. ("VANTER"), is a foreign corporation incorporated in the Bahamas which has its headquarters and principal place of business in Alexandria, Virginia.

L I P C O N ,  M A R G U L I E S  &  W I N K L E M A N ,  P . A .
W W W . L I P C O N . C O M

4. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the Parties are diverse and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the Court's admiralty jurisdiction.

5. Defendants, at all times material hereto, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Were engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

6. Defendants are subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the Jones Act, 46 USC 30104, and the General Maritime Law of the United States. Notwithstanding the application of General Maritime Law and, pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all claims asserted herein.

## PRELIMINARY ALLEGATIONS

8.  At all times material hereto, Defendant DISNEY owned, operated, managed, maintained and/or controlled the vessel *Disney Dream*, and operated same under a flag of convenience.

9.  At all times material hereto, Defendant DISNEY had a non-delegable duty to provide prompt, proper and adequate medical care to its crewmembers, including the Plaintiff. This included a non-delegable duty to provide and/or select competent and duly qualified medical personnel to treat crewmembers, including the Plaintiff. Delegating the duty to provide the Plaintiff with prompt, proper and adequate care does not alleviate Defendant DISNEY's non-delegable duty.

10. At all times material hereto, Defendant VANTER provided health care services for the cruise line industry including Defendant DISNEY. Defendant VANTER recruited, vetted and screened medical personnel. Defendant VANTER provided medical management and oversight for onboard medical care, serving as a resource for onboard medical staff, and actively provided administrative support based on a team approach with shipboard management, onboard medical staff and the cruise line's shoreside operation group and management.

11. At all times material hereto, Defendant DISNEY entered into a contractual agreement with Defendant VANTER to recruit, vet, screen, oversee, collaborate and work directly with Defendant DISNEY for the provision of onboard medical services provided to passengers and crewmembers, including the Plaintiff.

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .
W W W . L I P C O N . C O M

12. At all times material hereto, Plaintiff was a member of the crew and employed as a seaman aboard Defendant DISNEY's vessel in the capacity of Dining Room Server and was working in the service of the vessel.

13. At all times material hereto, the vessel was in navigable waters.

14. At all times material hereto, the Plaintiff worked and lived aboard the vessel.

15. At all times material hereto, Defendant DISNEY created a work environment where crewmembers, like Plaintiff, are rushed to complete their duties and sent back to work before the true nature and extent of their injuries are determined.

16. While working aboard the *Disney Dream,* Plaintiff was required to carry and transport heavy materials without use of suitable personal protective equipment, transport equipment and/or sufficient assistance, including performing these duties on uneven surfaces and/or inclines.

17. On or about October 26, 2019, as a result of his long working hours and repetitive heavy lifting without sufficient equipment and assistance, the Plaintiff began developing persistent pain in his back and knees.

18. The Plaintiff went to the onboard medical facility several times in effort to obtain medical care for his symptoms. Plaintiff was provided with pain medication to mask his symptoms and sent back to work thereby aggravating and worsening his condition.

19. Plaintiff's supervisor was notified of Plaintiff's ongoing medical condition but Plaintiff was required to continue working.

20. Despite the ship doctor's finding that Plaintiff "has come to medical centre for multiple visits with chronic back pain," Plaintiff did not receive prompt, proper or adequate medical care. Plaintiff was ultimately medically disembarked in Port Canaveral, Florida and required surgery, orthesis, and ongoing physical therapy.

21. As a result of this incident and due to the negligence of the Defendants, Plaintiff suffered permanent and disabling injuries to his back and knees.

## COUNT I – JONES ACT NEGLIGENCE
### as to Defendant DISNEY

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through twenty-one (21) as though originally alleged herein.

22. On or about October 26, 2019, the Plaintiff sustained severe pain and injuries to his back and knees while employed by DISNEY as a seaman and a member of the crew of the *Disney Dream*, which was in navigable waters.

23. Under the Jones Act, Defendant DISNEY owed the Plaintiff, its employee and member of the crew, a duty to use ordinary and reasonable care under the circumstances.

24. It was the duty of Defendant DISNEY to provide Plaintiff with a reasonably safe place to work.

25. On or about October 26, 2019, Plaintiff was injured due to the fault and negligence of Defendant DISNEY, its agents, servants, and/or employees. Defendant DISNEY failed to use reasonable care to provide Plaintiff a reasonably safe place to work by:

a.  Failing to provide proper crew and/or device(s), including adequate trolleys in condition and quantity for repetitive heavy lifting, carrying, pushing and/or pulling;

b.  Failing to provide personal protective equipment, supportive footwear and/or apparel to carry out his duties as a Dining Room Server;

c.  Failing to provide Plaintiff with proper lifting devices and/or sufficient assistance to perform his job duties in a reasonably safe manner;

d.  Failing to have adequate policies and procedures to prevent Dining Room Servers from becoming injured while repeatedly lifting, carrying, pushing and/or pulling heavy objects;

e.  Failing to provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting, carrying, pushing and/or pulling;

f.  Failing to warn Plaintiff of the dangers of doing repetitive heavy lifting, carrying, pushing and/or pulling;

g.  Failing to provide adequate manpower to perform the work assigned to Plaintiff;

h.  Requiring Plaintiff to continue repetitive heavy lifting, carrying, pushing and/or pulling despite Plaintiff's injury;

i.  Failure to eliminate and/or modify the hazard(s) which caused the Plaintiff to suffer his injury;

j.  Failing to adequately diagnose and/or treat Plaintiff's injury;

k. Failing to provide prompt, proper and adequate medical care to the Plaintiff when he sought medical attention for his injuries;

l. Failing to promulgate and enforce reasonable rules and regulations to ensure the safety and health of the Plaintiff while engaged in the course of his employment on the Defendant DISNEY's vessel;

m. Failing to comply with the vessel's policies and procedures regarding hazardous conditions aboard the vessel in order to provide Plaintiff a reasonably safe place to work;

n. Failing to ascertain the cause of prior similar accidents/injuries so as to take measures to prevent their re-occurrence, particularly Plaintiff's accident/injuries, in violation of the Defendant DISNEY's own ship board policies mandated by the ISM Codes' requirements; and/or

o. Failing to adhere to the Maritime Labour Convention, 2006 and the Code of Safe Working Practices for Merchant Seafarers with respect to safety procedures and processes.

26. At all times material hereto, Defendant DISNEY negligently failed to determine the hazards Plaintiff faced, failed to eliminate those hazards, failed to modify those hazards and failed to warn the plaintiff of the hazard. In addition, Defendant DISNEY violated the International Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual or to follow it on board the vessel on which the Plaintiff served. All of the above caused

the Plaintiff to suffer his injuries and did not receive adequate care for them.

27. Defendant DISNEY knew of the foregoing conditions causing Plaintiff's injury and did not correct them, or the conditions existed for a sufficient length of time so that Defendant DISNEY in the exercise of reasonable care should have learned of them and corrected them.

28. As a result of the negligence of Defendant, DISNEY, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past and his working ability and earning capacity have been impaired. The injuries and damages suffered by the Plaintiff are permanent and continuing in nature and Plaintiff will suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that came with plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation pay, the ability to make extra money doing side jobs and free airline transportation to the vessel and back home each contract.

WHEREFORE, Plaintiff demands all damages entitled by law and demands

LIPCON, MARGULIES & WINKLEMAN, P.A.
WWW.LIPCON.COM

jury trial of all issues so triable.

### COUNT II – UNSEAWORTHINESS
### as to Defendant DISNEY

Plaintiff re-alleges, incorporates by reference and adopts paragraphs one (1) through twenty-one (21) as though they originally alleged herein.

29. On or about October 26, 2019, Plaintiff was a seaman and a member of the *Disney Dream's* crew, which was in navigable waters.

30. At all times material hereto, Defendant DISNEY owned, managed, operated and controlled the vessel *Disney Dream*.

31. Defendant DISNEY had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel on which to serve, including a competent crew.

32. The unseaworthiness of Defendant DISNEY's vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

    a. The vessel was not reasonably fit for its intended purpose due to the conditions created by Defendant as follows:

        1. Failing to provide proper crew and/or device(s), including adequate trolleys in condition and quantity for repetitive heavy lifting, carrying, pushing and/or pulling;

        2. Failing to provide personal protective equipment, supportive footwear and/or apparel to carry out Plaintiff's duties as a Dining Room Server;

        3. Failing to have adequate policies and procedures to prevent Dining

Room Servers from becoming injured while repeatedly lifting, carrying, pushing and/or pulling heavy objects;

4. Failing to provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting, carrying, pushing and/or pulling;

5. Failing to warn the Plaintiff of the dangers of repetitive heavy lifting, carrying, pushing and/or pulling;

6. Failing to provide adequate manpower to perform the work assigned to Plaintiff;

7. Requiring Plaintiff to continue repetitive heavy lifting, carrying, pushing and/or pulling duties, despite his injury;

8. Sending Plaintiff back to work on pain killers after his injury;

9. Requiring Plaintiff to work while injured;

10. Failing to warn Plaintiff of the dangers of working while injured;

11. Failing to warn Plaintiff of the dangers of working on pain killers while injured; and/or

12. Failing to provide Plaintiff with prompt, proper, and adequate medical treatment.

b. The vessel's crew, including Plaintiff's supervisors and Defendant DISNEY's shipboard doctors, were not properly trained, instructed and/or supervised;

c. Defendant created an unsafe working environment;

d. The vessel did not have a fit crew;

e. The vessel failed to provide Plaintiff with a safe working environment free of physical threats and/or dangerous conditions;

f. The vessel's medical personnel were not properly trained, monitored and/or supervised to promptly, properly and adequately diagnose and treat Plaintiff's injury when he presented to the vessel's medical center and as he continued to complain his condition became aggravated;

g. The vessel's medical personnel were not properly trained, monitored and/or supervised to provide Plaintiff with prompt, proper, and adequate medical care when he sought medical attention for his injuries;

h. The vessel failed to carry and utilize competent, skilled and properly trained medical care providers on board and shoreside to provide Plaintiff with prompt, proper and adequate medical care;

i. The vessel failed to carry and utilize proper and adequate medical equipment with respect to treating Plaintiff's condition;

j. The vessel failed to carry and utilize properly trained medical providers to medically manage Plaintiff's medical care after he was injured; and/or

k. The vessel failed to carry and utilize properly trained medical providers to provide Plaintiff prompt, proper and adequate medical care, which aggravated his injuries and caused his additional pain and disability;

LIPCON, MARGULIES & WINKLEMAN, P.A.
WWW.LIPCON.COM

and/or

33. As a result of the unseaworthiness of the vessel *Disney Dream*, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past and plaintiff's working ability and earning capacity have been impaired. These injuries and damages are permanent or continuing in nature and Plaintiff will suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation pay, the ability to make extra money doing side jobs and free airline transportation to the vessel and back home each contract.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### COUNT III – FAILURE TO PROVIDE MAINTENANCE & CURE
### as to Defendant DISNEY

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through twenty-one (21) as though originally alleged herein.

LIPCON, MARGULIES & WINKLEMAN, P.A.
WWW.LIPCON.COM

34. On or about October 26, 2019, the Plaintiff suffered injuries while in the service of the Defendant DISNEY's vessel, *Disney Dream*, which was in navigation.

35. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant DISNEY until declared to have reached maximum medical improvement ("MMI") or maximum medical cure ("MMC"). This includes unearned wages (regular wages, overtime and vacation pay), which were reasonably anticipated to the end of the contract or voyage whichever is longer.

36. Defendant DISNEY willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and refused to provide the Plaintiff the level of cure that the Plaintiff needs so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

37. An MMI or MMC declaration must be unequivocal and, if not, any doubts or controversy regarding whether or not the seaman is at MMI or MMC must be resolved in favor of the seaman.

38. Defendant DISNEY's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law and in callous disregard for Plaintiff's right as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States. Furthermore, Defendant DISNEY's unreasonable failure to pay or provide Plaintiff with maintenance and cure aggravated his condition and caused him to suffer additional compensatory

damages including, but not limited to, the aggravation of his physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity, lost earnings and earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff demands all damages entitled by law, attorneys' fees and demands jury trial of all issues so triable.

### COUNT IV – FAILURE TO TREAT
### as to Defendant DISNEY

Plaintiff re-alleges, adopts and incorporates by references paragraphs one (1) through twenty-one (21) as though originally alleged herein.

39. On or about October 26, 2019, Plaintiff was employed by Defendant DISNEY as a seaman and was a member of the *Disney Dream*'s crew. The vessel was in navigable waters.

40. It was the duty of Defendant DISNEY to provide Plaintiff with prompt, proper and adequate medical care when he presented for treatment.

41. Defendant DISNEY, through the ship's physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate and complete medical care. This conduct includes, but is not limited to:

  a. Defendant not providing Plaintiff with prompt, proper and/or adequate medical care after he reported his injury to the ship's doctor and/or nurse seeking treatment for his condition;

14

b.  Defendant not properly diagnosing Plaintiff's injury;

c.  Defendant sending Plaintiff back to work after he reported his condition without adequately determining the risks to the Plaintiff's health that sending him back to work would subject him to; and/or

d.  Defendant manipulating and directing Plaintiff's medical care both shipboard and shore side in such a way as to minimize their expense and enable them to delay and/or deny the Plaintiff medical care that would improve and/or cure his condition.

42. As a direct and proximate result of Defendant DISNEY's failure, Plaintiff suffered additional pain, disability and Plaintiff's recovery was prolonged.  In addition, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity have been impaired.  These injuries and damages are permanent or continuing in nature and Plaintiff will suffer these losses and impairments in the future.

43. This Count is alleged separately from Jones Act Negligence pursuant to

*Joyce v. Atlantic Richfield Company*, 651 F. 2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

### COUNT V – NEGLIGENCE
### as to Defendant VANTER

Plaintiff re-alleges, adopts, and incorporates by references paragraphs one (1) through twenty-one (21) as though originally alleged herein.

44. At all times material hereto, Defendant VANTER provided health care services for the cruise line industry including Defendant DISNEY. Defendant VANTER recruited, vetted, and screened medical personnel; provided medical management and oversight for onboard medical care, serving as a resource for onboard medical staff, and actively provided administrative support based on a team approach with shipboard management, onboard medical staff, and the cruise line's shoreside operation group and management.

45. At all times material hereto, Defendant VANTER had the ability to control and monitor each and every step taken by the shipboard medical personnel working aboard the *Disney Dream* via telephone, videoconference, Skype or otherwise. This technology is generally referred to as "Face to Face Telemedicine." Such modern means of communication make the location of the cruise ship effectively irrelevant and allows Defendant VANTER to directly control and/or participate in the medical care on the ship.

46.  At all times material hereto, Defendant VANTER had control and/or the right to control and/or participate in the provision of medical care and treatment of crewmembers aboard the *Disney Dream*.  Defendant VANTER exercised such control, right of control and/or participated in the medical care in many different ways, including but not limited to the following:

a.  Setting the standards, criteria and procedures for selecting and hiring said personnel;

b.  Credentialing, evaluating, training and coaching shipboard medical personnel;

c.  Acting as a resource to the shipboard medical personnel and providing guidance and instruction;

d.  Establishing, adopting and enforcing rules, regulations and protocols for the treatment of patients in the medical center;

e.  Establishing and enforcing the terms of employment for such personnel;

f.  Providing administrative support to the shipboard medical personnel;

g.  Providing support as a part of a team approach with the onboard medical staff and the cruise line's shoreside operation group and management;

h.  Through the use of its shoreside medical department, which is staffed with various doctors and other medical personnel, that can communicate with its ships literally anywhere in the world electronically;

i.  By entering into contracts with various land-based hospitals to provide

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .
W W W . L I P C O N . C O M

medical expertise and requiring shipboard medical personnel to utilize such services in the treatment of passengers and crew in specified situations;

j. Using electronic technology, including video-conferencing and tele-medicine, with its shoreside offices, Medical Director and Associate Medical Director to control the treatment provided;

k. Providing formulary management, including the review and evaluation of ship's formulary for appropriate medications;

l. Providing equipment management, including the review of medical equipment for appropriateness and making recommendations for new equipment purchases;

m. Providing quality assurance in conjunction with ISM, SMS and in adherence to CLIA and ACEP guidelines;

n. Establish and audit medical practice guidelines;

o. Providing quality control of medical care through case record audits and incident report review;

p. Providing risk management and safety support through tracking of guest and crew incidents and medical care;

q. Supporting and providing resources for cruise line's Risk Management and Safety Departments;

r. Working closely with shipboard Safety Teams on issues such as injury

prevention;

s. Management of guest and crewmember medical records.

47. It was the duty of Defendant VANTER to provide Plaintiff with reasonable care under the circumstances.

48. On or about October 26, 2019, Plaintiff was injured due to the fault and negligence of Defendant VANTER, its agents, servants, employees and/or shipboard medical personnel. Defendant VANTER failed to use reasonable care under the circumstances by:

    a. Failing to provide the Plaintiff with prompt proper and/or adequate medical care after he reported his injury to the ship's doctor and/or nurse seeking treatment for his condition;

    b. Failing to adequately diagnose and/or treat Plaintiff's injury;

    c. Sending Plaintiff back to work after he reported his condition without adequately determining the risks to the Plaintiff's health that sending him back to work would subject him to;

    d. Failing to warn Plaintiff of the dangers of working with an injury;

    e. Failing to warn Plaintiff of the dangers of working on pain killers while injured;

    f. Failing to properly manage Plaintiff's medical care after Plaintiff was injured;

    g. Manipulating and directing Plaintiff's medical in such a way as to

LIPCON, MARGULIES & WINKLEMAN, P.A.
WWW.LIPCON.COM

minimize expense and enable Defendant to delay and/or deny the Plaintiff medical care that would improve and/or cure his condition;

h. Failing to properly train, monitor and/or supervise shipboard medical providers and the shipboard medical center to promptly, properly and adequately diagnose and treat Plaintiff's injury when he presented to the vessel's medical center and as he continued to complain his condition became aggravated;

i. Failing to implement and enforce standards and criteria for selecting, vetting, screening, recommending and/or hiring shipboard medical personnel;

j. Failing to establish and enforce rules, regulations and protocols for the treatment of crewmembers in the medical center;

k. Failing to establish and enforce rules, regulations and protocols for the treatment of crewmembers so that they received prompt, proper and adequate medical care;

l. Failing to provide administrative support to the shipboard medical personnel so that crewmembers received prompt, proper and adequate medical care;

m. Failing to provide quality assurance so that crewmembers received prompt, proper and adequate medical care;

n. Failing to act as and/or provide resources to the shipboard medical

personnel so that crewmembers received prompt, proper and adequate medical care; and/or

o. Failing to provide adequate and sufficient risk management and safety support to the cruise line and its Risk Management and Safety Departments to prevent injury to crewmembers.

49. Defendant VANTER knew of the foregoing conditions causing Plaintiff's injury and did not correct them, or the conditions existed for a sufficient length of time so that Defendant VANTER in the exercise of reasonable care should have learned of them and corrected them.

50. As a result of the negligence of Defendant VANTER the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income in the past and his working ability and earning capacity have been impaired. The injuries and damages suffered by the Plaintiff are permanent and continuing in nature and Plaintiff will suffer these losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that came with Plaintiff's job, including but not limited to

Lipcon, Margulies & Winkleman, P.A.
www.lipcon.com

free food, free shelter, free medical care, free uniforms, vacation pay, the ability to make extra money doing side jobs and free airline transportation to the vessel and back home each contract.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

Dated: April 22, 2022

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Stefanie A. Black*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**STEFANIE A. BLACK**
Florida Bar No. 111903
sblack@lipcon.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

IVAN GOMENIUK,

## DEFENDANTS

MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line, and VANTER CRUISE HEALTH SERVICES, INC.,

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Lipcon, Margulies & Winkleman P.A.; One Biscayne Tower
2 S Biscayne Blvd, Suite 1776 Miami, FL 33131

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [X] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [X] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Jones Act/Negligence

Brief description of cause:
Crewmember's Negligence Claim

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 04/22/2022

SIGNATURE OF ATTORNEY OF RECORD /s/ Stefanie Black

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.  Example:    U.S. Civil Statute: 47 USC 553
                                                                        Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| IVAN GOMENIUK | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| MAGICAL CRUISE COMPANY, LIMITED d/b/a | ) | |
| Disney Cruise Line and VANTER CRUISE HEALTH | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Magical Cruise Company, Limited d/b/a Disney Cruise Line
By Serving Margaret C. Giacalone as Registered Agent
1201 HAYS STREET
TALLAHASSEE, FLORIDA 32301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Stefanie Black, Esq.
Lipcon, Margulies & Winkleman, P.A.
One Biscayne Tower-Suite 1776
2 South Biscayne Blvd.
Miami, FL 33131

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____                    _____

                                                    *Server's signature*

                                          _____

                                                    *Printed name and title*

                                          _____

                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| IVAN GOMENIUK | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )  Civil Action No. |
| | ) |
| MAGICAL CRUISE COMPANY, LIMITED d/b/a | ) |
| Disney Cruise Line and VANTER CRUISE HEALTH | ) |
| SERVICES, INC., | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Vanter Cruise Health Services, Inc.,
1330 Braddock Place, Suite 204
Alexandria, VA 22314

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Stefanie Black, Esq.
Lipcon, Margulies & Winkleman, P.A.
One Biscayne Tower-Suite 1776
2 South Biscayne Blvd.
Miami, FL 33131

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*


                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| IVAN GOMENIUK <br><br><br> *Plaintiff(s)* <br> v. <br> MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line and VANTER CRUISE HEALTH SERVICES, INC., <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Magical Cruise Company, Limited d/b/a Disney Cruise Line
> By Serving Margaret C. Giacalone as Registered Agent
> 1201 HAYS STREET
> TALLAHASSEE, FLORIDA 32301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Stefanie Black, Esq.

> Lipcon, Margulies & Winkleman, P.A.
> One Biscayne Tower-Suite 1776
> 2 South Biscayne Blvd.
> Miami, FL 33131

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: